NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—MAY, 1877.

## FISHER v. BRITTON.

*In the matter of the Estate of* ELIJAH FISHER, *deceased.*

Annual rests for the purpose of giving the guardian a higher rate of commissions than would be allowed on the aggregate of the account cannot generally be made, unless the guardian has filed his account annually, or at intervals.[*]

But where the guardian's account makes annual rests for the purpose of charging himself with interest on the fund in his hands, the commissions may be computed on the aggregates at each rest.

THIS was a proceeding on the accounting of Dexter B. Britton, guardian, &c., of Alexander M. Fisher. The account was filed with annual rests, and credit for commissions at the rate of two and one-half per cent. for receiving, and the same rate for paying out, at each annual rest.

Objections were filed to the account by the ward, alleging that there was an overcharge for commissions.

C. W. BANGS, *for the guardian.*

[*] Compare *Cram* v. *Cram, ante* p. 244.

THE SURROGATE.—None of the papers submitted to me show, whether or not the guardian has filed his annual account, as required by law. But on search of the records of this office no account seems to have been filed, and therefore according to the well-settled rule, the guardian is not entitled to charge his commissions in annual rests.

In *Morgan* v. *Hannas* (13 *Abb. Pr., N. S.*, 361), Judge FOLGER stated the general rule to be that annual rests of the accounts of an executor, or other trustee cannot be taken for the purpose of allowing him commissions at full rates upon the balance then found; but where annual rests are required by the special direction of a court for the sake of charging the trustee with interest, or by rule of court, or by the provisions of the statute, then full commissions may be computed upon the funds, excluding the investment of the principal.

A guardian is required by statute to file accounts with the Surrogate each year, and his accounts will then show necessarily annual rests, and if he has made his accounts annually, or at intervals, he may be allowed commissions in full upon each account.

But the account as rendered by the guardian makes annual rests, and he charges himself with interest on the fund in his hands for the succeeding year respectively, and having made rests for that purpose, he is entitled to his commissions at $2\frac{1}{2}$ per cent. for receiving, for the first thousand dollars; $1\frac{1}{4}$ per cent., on the balance as it does not exceed $9,000 in any instance, and $2\frac{1}{2}$ on sums paid out to the amount of one thousand, $1\frac{1}{4}$ per cent. for the amount paid out over and above that sum, and the account should be corrected in that respect, where there has been a charge of full commissions of $2\frac{1}{2}$ per cent. on any sum above $1,000.

Order accordingly.